
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURICE McCURDY, | No. 13-16270 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01742-PMP-PAL |
| v. | |
| LEROY KIRKEGARD, | MEMORANDUM[*] |
| Appellee, | |
| LISA ALVAREZ, Officer; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Nevada state prisoner Laurice McCurdy appeals pro se from the district

court's judgment in his action brought under 42 U.S.C. § 1983 and *Bivens v. Six*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that defendants committed numerous constitutional violations while McCurdy was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011) (dismissal for failure to state a claim); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (summary judgment). We affirm.

The district court properly granted summary judgment on McCurdy's excessive force claim against defendants Neiman, Alvarez, and Cobb because McCurdy failed to raise a genuine dispute of material fact as to whether those defendants used force maliciously and sadistically for the purpose of causing harm. *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (Eighth Amendment excessive force inquiry "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" (citation and internal quotation marks omitted)); *see also Frost*, 152 F.3d at 1128 (applying Eighth Amendment standards to analyze pretrial detainee's rights).

The district court properly dismissed McCurdy's claim alleging that defendant Kirkegard failed to provide safe conditions and denied him medical care because McCurdy failed to allege Kirkegard's personal involvement in any

constitutional violation or a causal connection between his conduct and any such violation. *See Starr*, 652 F.3d at 1207 ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (citation and internal quotation marks omitted)).

The district court properly dismissed McCurdy's claim alleging that defendant Fisher subjected him to continuous transfers between facilities, denied him medical care, and improperly used a black box to restrain him because McCurdy failed to allege that Fisher had the authority to make transfer or medical decisions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."). Nor did McCurdy allege that Fisher used restraints maliciously and sadistically for the purpose of causing harm. *See Whitley*, 475 U.S. at 320-21.

The district court did not abuse its discretion in denying McCurdy's motion for appointment of counsel because McCurdy failed to demonstrate exceptional

circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining the "exceptional circumstances" requirement).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**